### ALEXANDER et al. v. GARCIA et al.
### (No. 5305.)

(Court of Civil Appeals of Texas. San Antonio. June 3, 1914.)

STIPULATIONS (§ 17*) — TIME FOR FILING BRIEFS—EFFECT OF AGREEMENT.

Although agreements of the parties for a time, beyond that allowed by the law or the court, to file their briefs are not binding on the court, yet they are binding upon the parties to the extent at least of preventing either from asking for a dismissal on the ground that the other's brief was not filed within the time allowed.

[Ed. Note.—For other cases, see Stipulations, Cent. Dig. §§ 38–40; Dec. Dig. § 17.*]

Appeal from District Court, Webb County; J. F. Mullally, Judge.

Action between George R. Alexander and others and Augustin G. Garcia and others. From a judgment for the latter, the former appeal. Motion to strike out appellants' briefs overruled.

A. Winslow, of Laredo, and N. A. Rector, of Austin, for appellants.

FLY, C. J. Appellees seek to strike out the briefs of appellants because not filed in the trial court or this court until May 16, 1914; the cause having been set down for hearing on May 27th. On April 30, 1914, an agreement was entered into between counsel for appellants and appellees that appellants should have until July 1, 1914, to file their briefs, and appellees until October 1, 1914, in which to file their briefs. Such agreements are not recognized by this court, when they necessitate postponement of submission, for the simple reason that it cannot confide the arrangement of its docket to attorneys, and thus tie up the business and retard the court in its action on cases. This fact is well known, or should be, to the attorneys of this district, having been in force for the last 21 years. But the agreement was entered into, and, although not recognized by this court as binding upon its actions, it should be binding upon those who voluntarily entered into the agreement, to the extent at least of preventing either party to ask for a dismissal on a ground created by the agreement itself. If appellees did not have time in which to brief the case, an extension of time might have been obtained at the hands of this court, but no request was made for an extension. This case could readily have been briefed by appellees in 2 weeks, but, although the brief of appellants was filed 11 days before submission, no effort has been made to file a brief, and no extension of time asked for. It could not have been an act of bad faith on the part of appellants to file briefs, as charged by appellees, because they have merely acted in obedience to the orders of this court, so as to do all they could to have the case ready for submission.

The motion to strike out is overruled.